[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this summary process action the plaintiff alleges that the rental agreement has expired by lapse of time. The following facts give rise to this dispute. The parties entered into a written rental agreement for a term of one year beginning September 1, 1991, and concluding August 31, 1992. Paragraph 16 of the lease sets forth the tenant's option to purchase the property for $193,000. It further provides that the option must be exercised by August 31, 1992 by the tenant providing written notice to the plaintiff no later than sixty days prior to the termination of the lease. The option clause also requires that the written notice be sent to the address set forth in the preamble to the lease. The option clause does not contain a mortgage contingency.
On June 30 1992 the defendant sent written notice to plaintiff's counsel of his intent to exercise the option. For reasons which are presently disputed a closing never took place. Plaintiff insists this is the result of the defendant's failure to obtain financing; the defendant argues that the plaintiffs in bad faith, prohibited the closing from taking place by continually changing the terms of the sale. Because the written lease has expired the defendant is now a month to month tenant. CT Page 5783
The defendant raises two special defenses to this action. The first alleges that General Statutes § 47a-2 excludes a lease-purchase agreement from the provisions of the summary process statute. The second asserts that the defendant properly exercised the option to purchase but the plaintiffs have refused to transfer title to them.
General Statutes § 47a-2 (2) provides in relevant part than the remedy of summary process does not apply to an "occupan[t] under a contract of sale of a dwelling unit. . ." The defendant argues that because he properly exercised his option to purchase the property in question, he was "an occupant under a contract of sale" and therefore cannot be evicted pursuant to summary process. Resolution of this claim is dependent on an evaluation of defendant's second special defense which alleges that he successfully exercised the option to purchase, but the plaintiff has refused in bad faith to complete the transfer. If the defendant were occupying the premises under a valid contract for sale General Statutes § 47a(2) would serve as a bar to his eviction.
As previously noted, paragraph 16 provides for a purchase price of $193,000 and a closing date by the end of the lease term or August 31, 1992. Because no mortgage contingency is provided, the defendant, in order to prevail, must demonstrate that he was ready, willing and able to purchase the property on August 31, 1992. The defendant has failed to make that showing in this case. Instead he has asserted that the plaintiff refused to agree on a purchase price. That argument, however, is wide of the mark since in paragraph 16 the parties did agree to a purchase price of $193,000. Thus defendant need only to show his ability to conclude the purchase on August 31, 1992. Because the defendant has not made that showing, there is no longer a valid contract for sale in effect. Consequently, the defendant's status is that of a month to month tenant who may be evicted for lapse of time. Accordingly, judgment shall enter for the plaintiff.
SO ORDERED.
Holzberg, J.